|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 7/6/2016 |

-------------------------------------------------------- X
:
SHEVONDA HOYT, :
:
Plaintiff, : 15-CV-95(VEC)(KNF)
:
-against- : <u>ORDER</u>
:
CAROLYN W. COLVIN, :
Acting Commissioner of Social Security, :
:
Defendant. :
:
-------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On due consideration, after review of Magistrate Judge Fox's Report and Recommendation dated March 4, 2016 (the "R&R"), no party having objected, and the time for objection having expired, the R&R is hereby approved and adopted.

In reviewing final decisions of the Social Security Administration ("SSA"), courts "'conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied.'" *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1).  Where neither party objects to the magistrate judge's report, a district court may adopt the report so long as it finds "'there is no clear error on the face of the record.'" *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The Court has carefully reviewed Magistrate Judge Fox's R&R and finds no clear error.  Although not clearly erroneous, one aspect of the R&R could benefit from additional explanation.  The Court agrees with Magistrate Judge Fox that substantial evidence supports the Administrative Law Judge's ("ALJ's") determination that Plaintiff has an adequate level of adaptive functioning and, therefore, did not meet Listing 12.05.  R&R at 14.  To meet step 3 and the criteria for Intellectual Disability under Listing 12.05, Plaintiff must show that her mental impairment satisfied *both* the threshold showing required by the introductory paragraph of Listing 12.05 *and* one of the four criteria in the subparagraphs.  *See Talavera*, 697 F.3d at 153 (Listing 12.05 "requires that the applicant have 'significantly subaverage general intellectual functioning *with* deficits in adaptive functioning.'" (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05) (emphasis in *Talavera*)); *see also Burnette v. Colvin*, 564 F. App'x 605, 607 (2d Cir. 2014) (summary order) ("To satisfy Listing 12.05, the claimant must make a threshold showing that she suffers from 'significantly subaverage general intellectual functioning with deficits in adaptive functioning.'").  Thus, even though Plaintiff's IQ score was diagnosed at 59, thereby meeting the criteria in subparagraph B of Listing 12.05, Plaintiff also needed to prove that she had sufficient deficits in adaptive functioning to meet the introductory paragraph.  In concluding that Plaintiff did not meet the Listing, the ALJ considered Plaintiff's IQ score but found that she had not proven deficits in adaptive functioning.  In fact, the ALJ found that Plaintiff had an adequate level of adaptive functioning, notwithstanding her low IQ score.

The Court adopts the R&R in full.  Accordingly, Plaintiff's Motion for Judgment on the Pleadings (Dkt. 18) is DENIED and Defendant's Cross Motion for Judgment on the Pleadings (Dkt. 24) is GRANTED.  The Clerk of Court is respectfully directed to close docket entries 18 and 24 and to enter judgment and terminate the case.

**SO ORDERED.**

Date:  July 6, 2016
       New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**